```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARTIN RAFFERTY,

                        Plaintiff,                    **ORDER**
                                                      CV 13-4716 (JFB)(ARL)
        -against-

ALLSTATE INSURANCE COMPANY,

                        Defendant.
---------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

      On July 9, 2014, the defendant Allstate Insurance Company ("Allstate") sought to quash the notice of deposition of Allstate's CEO, Thomas Wilson ("Wilson"). Allstate argued, in support of the motion, that Wilson has never met the plaintiff, did not have anything to do with his termination and as the CEO of a company with over 70,000 nationwide employees, has no unique knowledge of the relevant facts. The plaintiff asserted that Wilson has first hand knowledge of Allstate's effort to get rid of older workers and even replaced of the old computer system with a new system called "Next Generation." He further stated, without support, that Wilson had commented to managers at a company meeting that "times are changing and we need a younger workforce." Although the court doubted Wilson's direct involvement in the decision to terminate the plaintiff based on the affidavits that had been submitted, it nonetheless required Allstate to submit an affidavit from Wilson. Wilson did submit an affidavit confirming he does not know the plaintiff, did not play any role in his termination, and did not make a statement to "managers" to the effect that Allstate needed to replace its older workforce with a younger workforce. Upon receipt of the affidavit, the court granted the motion.

      The plaintiff now seeks to renew its opposition to the motion to quash based on the plaintiff's testimony that the "defendants would not give him, or other older workers, the training necessary to succeed for the 'next generation' computer system." Generally, a district court will not revisit its prior decision unless a party can show that the court overlooked controlling decisions or factual matters that were put before it on the underlying motion. Local Civil Rule 6.3. The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see Medoy v. Warnaco Employees Long Term Disability Ins. Plan,* No. 97 Civ. 6612 (SJ), 2006 WL 355137 (E.D.N.Y. Feb. 14, 2006). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790)). The argument raised by the plaintiff does not meet the

standards for reconsideration. Accordingly, the motion to renew is denied.

Dated: Central Islip, New York  
      August 25, 2014

**SO ORDERED:**

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge